IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACTIVISION TV, INC.,<br><br>              Plaintiff,<br><br>   vs.<br><br>PINNACLE BANCORP, INC., JON BRUNING, DAVID COOKSON, DAVID LOPEZ,<br><br>              Defendants. | 8:13CV215<br><br>**AMENDED MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiff Activision TV, Inc.'s (Activision) motion for a preliminary injunction, Filing No. 8, against defendants Jon Bruning, David Cookson and David Lopez. The Court conducted a hearing on the preliminary injunction on September 19, 2013. Filing No. 30. Following the hearing, the Court indicated that it would file two separate orders. This first order addresses the issue of whether the law firm of Farney Daniels[1] could represent the plaintiff in this case without running afoul of the Nebraska Attorney General's cease and desist order (discussed hereinafter). The second order will be issued at a later date and will address whether this court has jurisdiction to determine the constitutionality of the cease and desist order.

**BACKGROUND**

Activision, through counsel Farney Daniels, believed that certain companies were violating its patents[2] throughout the United States. Farney Daniels sent letters to these

---

[1] Farney Daniels is a patent law firm that represents Activision nation-wide.

[2] The patents in this case involve digital signage.

companies (five in Nebraska) asking for information to determine if in fact violations occurred or were occurring.  See Filing No. 7, Exs. C1-C6x.  **From February to June of 2013, the Nebraska Attorney General's Office Consumer Mediation Center received three complaints regarding patent license solicitation letters sent by Farney Daniels PC ("Farney Daniels") and/or an entity named BriPol LLC, AccNum LLC, or IsaMai LLC, on behalf of an entity named MPHJ Technology Investments, LLC.  Filing 23-1 at ¶ 3.**  On July 12, 2013, Activision filed this lawsuit against Pinnacle Bancorp, Inc., alleging patent infringement.  On July 18, 2013, the Nebraska Attorney General filed a cease and desist letter against the law firm Farney Daniels.  Filing No. 7, Ex. F.  This cease and desist letter prohibited the law firm from initiating new patent infringement enforcement efforts within the State of Nebraska. Id. at 2.  As a result of the cease and desist order, the law firm of Farney Daniels contends it is unable to represent Activision in this and other federal court cases.

**DISCUSSION**

During the hearing, the Court questioned counsel for the Nebraska Attorney General.  Counsel conceded that this court has complete and exclusive jurisdiction over patent cases.  He further conceded that the cease and desist order is not intended to keep Farney Daniels from representing Activision in this case or a case in any other jurisdiction.  He also agreed that counsel for Activision can pursue any of the prospective infringers that have already been identified and can file suit against any newly identified potential infringers.  Counsel for the Nebraska Attorney General stated that the cease and desist order only prohibits Farney Daniels law firm from sending out letters to potential new infringers.

With these concessions, the Court will rule that Farney Daniels can file an appearance in this case or any other federal cases without running the risk of violating the State of Nebraska Attorney General's cease and desist order. Further, Farney Daniels and its attorneys may proceed to prosecute their cases, including all discovery, as it would in any other lawsuit.

THEREFORE, IT IS ORDERED THAT:

1. Activision's motion for a preliminary injunction, Filing No. 8, is granted to the extent set forth herein.

2. The law firm of Farney Daniels and the attorneys in that law firm may file their application pro hac vice in this case.

4. The law firm of Farney Daniels and the attorneys therein are free to represent their client Activision in this case and any other federal patent case directly or indirectly associated with this case and the Nebraska Attorney General's cease and desist order is not applicable to those cases.

Dated this 26th day of September, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge