IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ACTIVISION TV, INC.,

               Plaintiff,

vs.

PINNACLE BANCORP, INC., JON BRUNING, DAVID COOKSON, and DAVID LOPEZ,

               Defendants.

8:13CV215

MEMORANDUM AND ORDER

This matter is before the court on the following motions: motion to dismiss by defendants, Filing No. 21; motion to intervene by MPHJ Technology Investment, LLC ("MPHJ"), Filing No. 50; motion for preliminary injunction by MPHJ, Filing No. 53; MPHJ's motion for expedited decision, Filing No. 56; motion to stay briefing filed by defendants, Filing No. 57; motion to stay proceedings pending appeal, Filing No. 68; and motion to extend time, Filing No. 72.

## BACKGROUND

Activision originally filed this case against Pinnacle Bancorp, Inc., alleging patent infringement in violation of 35 U.S.C. § 271 *et seq*.[1] Filing No. 1. Activision, acting through counsel Farney Daniels, PC ("Farney Daniels"), believed that certain companies were violating its patents[2] throughout the United States. Farney Daniels sent letters to these companies (five in Nebraska) asking for information to determine if in fact violations occurred or were occurring. *See* Filing No. 7, Exs. C1-C6. From February to June of 2013, the Nebraska Attorney General's Office Consumer

---

[1] It is clear that Activision invented the technology that is covered by these patents.

[2] The patents in this case involve digital signage.

Mediation Center received three complaints regarding patent license solicitation letters sent by Farney Daniels and/or an entity named BriPol LLC, AccNum LLC, or IsaMai LLC, on behalf of an entity named MPHJ Technology Investments, LLC.  Filing No. 23-1 at ¶ 3.  On July 12, 2013, Activision filed this lawsuit against Pinnacle Bancorp, Inc., alleging patent infringement.

On July 18, 2013, the Nebraska Attorney General filed a cease and desist order against the Farney Daniels law firm.  Filing No. 7, Ex. F.  The cease and desist order prohibited the law firm from initiating new patent infringement enforcement efforts within the State of Nebraska.  *Id*. at 2.  Following the issuance by the Nebraska Attorney General of the cease and desist order, Activision amended its complaint to include Nebraska Attorney General Jon Bruning and his employees, David Lopez and David Cookson.  Filing No. 7.  Activision contends that its First Amendment rights are infringed as a result of the cease and desist order, as it cannot hire and associate with the counsel of its choice; that its Fifth and Fourteenth Amendment rights to due process have been violated; that federal patent law preempts state law; and that the Noerr-Pennington doctrine is applicable in this case.  The Attorney General argued that Farney Daniels is not a party to this lawsuit, and thus the cease and desist order is not relevant to this lawsuit.

Thereafter, plaintiff filed a motion for preliminary injunction, Filing No. 8.  Defendants filed a motion to dismiss, Filing No. 21, and a brief in support of the motion to dismiss and in opposition to the preliminary injunction, Filing No. 22, as the arguments are essentially the same.  The court then filed a Memorandum and Order and an Amended Memorandum and Order, Filing No. 31 and Filing No. 38, concluding

that the law firm of Farney Daniels could represent plaintiff Activision in this federal court lawsuit.  Further, the court filed an additional Memorandum and Order, Filing No. 41, prohibiting defendants from enforcing the cease and desist order in any way that would inhibit Farney Daniels from representing Activision in connection with licensing and litigation of United States patents owned by Activision.

MPHJ Technology Investments, LLC now moves to intervene, Filing No. 50, arguing that its interests are identical to those addressed by this court with regard to Activision.  MPHJ contends that Farney Daniels has likewise been ordered to cease and desist with regard to actions on behalf of MPHJ.  MPHJ also moves for a preliminary injunction, requesting the same basic relief as granted to Activision.  Filing No. 53.  On October 15, 2013, the defendants filed a notice of interlocutory appeal regarding Filing Nos. 38 and 41.[3]  Filing No. 65.  Defendants also filed a motion to stay all proceedings pending the outcome of the appeal. Filing No. 68.

## DISCUSSION

### *Motion to stay proceedings, Filing No. 68*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A federal district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Accord *Sierra Club v. United States Army Corps. of Eng'rs,* 446 F.3d 808, 816 (8th Cir. 2006).

---

[3] The plaintiff contends that this appeal is filed in the wrong court.  Such issue is not before this court and must be decided at the appellate level.

> As a general rule, the filing of a timely and sufficient notice of appeal operates to transfer jurisdiction of the case to the court of appeals, and after such filing the district court is without jurisdiction to proceed further in the case, except in aid of the appeal or under Rule 60(a), Fed.R.Civ.P. However, where, as here, the appeal is from an interlocutory order denying a motion for preliminary injunction, the foregoing rule does not obtain, and the filing of the notice of appeal from such an order does not ipso facto divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal, or operate to automatically stay other proceedings in the cause pending the appeal.[4]

*Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir.1963).  See *Burns v. City of Apple Valley*, 30 Fed. Appx. 670 (8th Cir. 2002).

> Prior to a final judgment, a party may appeal an order that grants or denies an injunction.  28 U.S.C. § 1291(a)(1); *Elnashar v. Speedway SuperAmerica, LLC,* 446 F.3d 796, 798 (8th Cir. 2006).  Such an appeal divests a district court of jurisdiction over the matters raised by the appeal, but the district court retains jurisdiction over all other matters.  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam); *United States v. Queen*, 433 F.3d 1076, 1077 (8th Cir. 2006).  So an appeal from an order regarding an injunction does not stay other proceedings before the district court, *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir.1963), and does not prevent the district court from deciding the litigation on its merits, *West Publishing Co. v. Mead Data Ctr., Inc.*, 799 F.2d 1219, 1229 (8th Cir. 1986).

*Frye v. Minn. Dept. of Corrections,* 2007 WL 2475964 *2 (D. Minn. 2007).

The court has carefully reviewed the record and the arguments of counsel.  The court finds there is no reason to grant the stay in this case.  The court will proceed with the case as to all matters not currently on appeal.  Accordingly, the court will deny the motion to stay.

### Motion to dismiss, Filing No. 21

Defendants move to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Defendants make the same basic arguments in its motion to dismiss,

---

[4] 28 U.S.C.A. § 1292(a) confers jurisdiction upon courts of appeals from 'Interlocutory orders of the district courts . . . granting . . . (or) refusing . . . injunctions.'

particularly with regard to property rights, standing and ripeness, as previously argued in the opposition to Activision's motion for a preliminary injunction. The court has already determined that plaintiff stated a claim under federal law and the case can proceed in federal court. Accordingly, the court will deny the motion to dismiss. If, however, following review by the Eighth Circuit there are any grounds for reasserting this motion, the defendants are free to do so.

### *Motion to intervene, Filing No. 50*

MPHJ moves to intervene in this case pursuant to Fed. R. Civ. P. 24(a)(2) as a matter of right or Fed. R. Civ. P. 24(b)(1)(B) as a permissive intervention. MPHJ asks this court to give it the same relief as it gave Activision. It bases this request on its contention that Farney Daniels has been told by the Attorney General to cease and desist further patent investigations in Nebraska. See Filing No. 22, pp. 1-2; 20-21; 24 and 37 ("given the Attorney General's concerns about the deceptive patent license assertions and solicitations made by Farney Daniels—both those on behalf of Plaintiff [Activision] and on behalf of MPHJ . . . ."). *Id.* at 37.

Rule 24(a)(2) of the Federal Rules of Civil Procedure entitles a potential party to intervene as of right when the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Pursuant to Rule 24(b)(1)(B), a movant may permissively intervene when its intervention is "timely" and it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2).

The court finds that the motion to intervene is timely; that Activision does not represent the interests of MPHJ; MPHJ clearly has a cognizable interest in the outcome of this case, *see* Filing No. 22, p. 1 ("On or about June 11, 2013, the Nebraska Attorney General's office sent a letter to Farney Daniels requesting information of their practices soliciting patent licensing agreements for MPHJ Technologies"), *see id.* at 2, 20, 21, 24 & 37 (statements by the defendants that the order pertained also to activities of MPHJ and its counsel); MPHJ's interests are not adequately represented by the current parties; intervention will not unduly delay this lawsuit; and permitting intervention will promote judicial economy, as it avoids two separate lawsuits on similar issues. Accordingly, the court finds that the motion to intervene is granted, as MPHJ has shown it arguably has a right to intervene, and it is at least entitled to permissive intervention.

### *Motion to stay briefing of preliminary injunction by defendants, Filing No. 57 and Filing No. 72 and motion for a preliminary injunction by MPHJ, Filing No. 53*

The defendants ask this court to delay briefing on intervenor's motion for preliminary injunction until such time as the court rules on the motion to intervene. The court has now ruled on the motion to intervene. The court will deny the motion to stay, but will give defendants 14 days from the date of this Memorandum and Order to file its brief with regard to the intervenor's motion for preliminary injunction. Thereafter, the intervenor shall have seven days to respond to the brief of the defendants. The court will rule on the motion for preliminary injunction after the briefing is completed and will determine the necessity of a hearing on the motion.

***Motion for expedited decision, by MPHJ, Filing No. 56***

MPHJ moves the court to expedite its decision on the motion for preliminary injunction. The court will grant the motion to the extent set forth herein and pursuant to the scheduling order entered today.

THEREFORE, IT IS ORDERED:

1. The motion to stay pending appeal, Filing No. 68, is denied;

2. Defendants' motion to dismiss, Filing No. 21, is denied;

3. Defendants' motions to stay briefing, Filing Nos. 57 and 72, are denied;

4. Defendants have 14 days from the date of this Memorandum and Order to file a brief with regard to intervenor's motion for preliminary injunction. The intervenor shall have 7 days thereafter to respond to the brief of the defendants.

5. MPHJ's motion to expedite, Filing No. 56, is granted to the extent set forth in this Memorandum and Order; and

6. MPHJ's motion to intervene, Filing No. 50, is granted.

Dated this 7th day of November, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge