IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACTIVISION TV, INC., | |
| Plaintiff, | |
| and | **8:13CV215** |
| MPHJ TECHNOLOGY INVESTMENTS LLC, | |
| Intervenor-Plaintiff, | |
| vs. | **ORDER ON PRELIMINARY INJUNCTION** |
| PINNACLE BANCORP, INC., | |
| Defendant, | |
| and | |
| JON BRUNING, Attorney General of Nebraska; DAVID COOKSON, Chief Deputy Attorney General of Nebraska; and DAVID LOPEZ, Assistant Attorney General of Nebraska (in their official capacities), | |
| Defendants and Intervenor-Defendants.. | |

This matter is before the court on the preliminary injunction motions, Filing No. 53 and Filing No. 85, of intervenor MPHJ Technology Investments, LLC. ("MP The Nebraska Attorney General issued a cease and desist order against plaintiff Activision's counsel for attempting to send letters to potential patent infringers. Filing No. 7-11, Ex. F. Activision filed a preliminary injunction which this court granted in two separate orders and one amended order. Filing Nos. 31, 38 and 41. MPHJ then filed for intervention and also asked for a preliminary injunction. Filing Nos. 50 and 53. The court granted the motion to intervene. Filing No. 81. In the interim, the Nebraska Attorney General filed an appeal to the Eighth Circuit. Filing No. 65. The Nebraska

Attorney General thereafter dismissed the appeal and withdrew the cease and desist orders against any party or counsel to this litigation and represented the State would not "issue any cease and desist order directed at or effective against any party or counsel to this litigation without first providing notice to the affected party and an opportunity to be heard." Filing No. 90, p. 2. MPHJ still requests an injunction. The Attorney General says the issue is now moot, Filing No. 91, as there are no pending cease and desist orders.

### I. Mootness

The court will first address the issue of mootness. The Attorney General argues that because he has withdrawn the July 18, 2013, cease and desist order, there is no issue left before the court with regard to either Activision or MPHJ. However, MPHJ and Activision both disagree. MPHJ contends that the Attorney General did not issue a withdrawal of the cease and desist order as it relates to Farney Daniel's dealings on behalf of MPHJ. The cease and desist withdrawal only dealt with Farney Daniels and Activision. Further, Activision and MPHJ argue that merely withdrawing the cease and desist order is insufficient. Both of these parties filed claims alleging constitutional violations of their rights.

The court agrees with Activision and MPHJ. First, the withdrawal does not address the rights of MPHJ and its representation by Farney Daniels. More importantly, the withdrawal letter clearly does not admit to liability and indicates the Attorney General might pursue further courses of action for violation of state law. See Filing No. 95. Attachments A and B. Finally, the court agrees with Activision and MPHJ that the Attorney General cannot claim this is a moot issue simply because he withdraw the

cease and desist order.  Making a voluntary decision to stop the unconstitutional conduct does not create a moot issue.  *See,* e.g., *Center for Special Needs Trust Administration, Inc. v. Olson*, 676 F.3d 688, 697 (8th Cir. 2012) (holding that "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case; otherwise the courts would be compelled to leave the defendant . . . free to return to his old ways"). This is true particularly where the party could repeat the same conduct at a later date. *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 609 (2001) ("'It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice' unless it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'") (citations omitted).  It is clear based on the language of the withdrawal of the cease and desist order that the Attorney General has not made it "absolutely clear" that further enforcement measures will not occur.  For all of these reasons, the court finds the motion for preliminary injunction is not moot.

## II.  Preliminary Injunction

The issue, then, is whether MPHJ is entitled to a preliminary injunction in this case.  MPHJ argues that the issues presented in this motion are identical to those presented previously in the motion by Activision for a preliminary injunction.[1]  The court agrees.  The court incorporates by reference the background set forth in Filing No. 41, pp. 1-3.  Likewise, the court incorporates by reference those sections dealing with standing, ripeness, and the First Amendment, as it applies to MPHJ and its

---

[1] The court notes for the record that the Attorney General responded to the motion for a preliminary injunction with his argument about mootness.  He filed no additional arguments regarding the motion for preliminary injunction.

representation by Farney Daniels and Kutak Rock.  *Id.*, pp.3-9.  The court now turns to the *Dataphase* requirements.

The extraordinary remedy of a preliminary injunction should not be granted unless the movant has demonstrated: (1) the threat of irreparable harm to it; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that it will succeed on the merits; and (4) the public interest.  *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc).  No single factor is determinative, although the failure to demonstrate the threat of irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction.  *See Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996); *see also Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989) (en banc). The burden on a movant to demonstrate that a preliminary injunction is warranted is heavier when, as here, granting the preliminary injunction will in effect give the movant substantially the relief it would obtain after a trial on the merits.  *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815 F.2d 500, 503 (8th Cir. 1987).  "A preliminary injunction is an extraordinary remedy never awarded as of right.  In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Winter v. Natural Resources Defense Council,* 555 U.S. 7, 24 (2008). In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.  *Id.*  "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction."  *United Indus.*

*Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998).  "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined . . . ."  Dataphase, 640 F.2d at 113.

At the early stage of a preliminary injunction motion, the speculative nature of the inquiry into the probability of ultimate success on the merits militates against any wooden or mathematical application of the test; instead, a court should flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.  *Clorox*, 140 F.3d at 1179.

### 1.  Merits

MPHJ argues it has a likelihood of success as it relates to the July 18, 2013, order.  This court has already determined that Activision will likely succeed on the merits, as the Nebraska Attorney General has not shown any bad faith on the part of Activision.  The court further determined that the letters related to patent infringement were likely preempted by the federal government.  Finally, the court determined that the cease and desist order operated as a prior restraint against Activision and violated its right to choose its own counsel.  The court has carefully reviewed the complaint filed by MPJH as well as the motion for a preliminary injunction.  The facts are very similar to those alleged by Activision.  For the reasons set forth in the preliminary injunctions granted as to Activision, based on the facts as applied to MPHJ which are virtually the same as Activision, the court likewise finds that MPHJ is likely to win on the merits of this case.

## 2.  Irreparable Harm

"'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)).  Thus, to warrant a preliminary injunction, the moving party must demonstrate a sufficient threat of irreparable harm.  *Id.*  A showing of irreparable harm does not automatically mandate a ruling in the plaintiff's favor; the court must proceed to balance the harm to the defendant in granting the injunction.  *Hill v. Xyquad, Inc.*, 939 F.2d 627, 630-31 (8th Cir. 1991).

MPHJ contends it has and continues to suffer irreparable harm.  The cease and desist order, argues MPHJ, is unconstitutional.  Thus its ability to enforce its patents and hire counsel of its own choosing is impaired.  As previously stated, the withdrawal of the case and desist order does not denigrate the constitutional violations, nor does it protect MPHJ from future review by the attorney general.  The court agrees and finds that MPHJ has suffered and continues to suffer irreparable harm.

## 3.  Balance of Harm

The balance of harm clearly weighs in favor of MPHJ.  As stated in the court's ruling on behalf of Activision, "The public has a right to protection from scams and unfair trade practices.  However, Activision's constitutional right to hire counsel of its choosing to pursue investigations and lawsuits against infringers is clearly impeded by the cease and desist order.  Further, the federal government has preempted to a great extent the area of patent law.  Allowing the attorney general to interfere might be harmful to the patent process.  Based on the facts as presented, which indicates no bad faith, the

court finds this factor likewise weighs in favor of Activision." Filing No. 41, at 15.  This same analysis applies to MPHJ.  Accordingly, the court finds this factor weighs in favor of MPHJ.

### 4.  Public Interest

Again, the same analysis applies to this factor.  "The public interest is served by enforcing the Constitution of the United States.  This means that Activision and others have a right to counsel and a right to have counsel pursue their interests.  It also means that Activision and others have a due process right to a meaningful process prior to issuance of a cease and desist order."  *Id.* at 15-16.  The same analysis applies to MPHJ, and accordingly, the court finds this factor weighs in favor of MPHJ.

## III.  Negotiation of a Final Injunction

The defendants have stated in their brief that they will agree to sign some type of final injunction encompassing the findings this court previously made in conjunction with the withdrawal of the cease and desist order and the Nebraska Attorney General's agreement not to further pursue the cease and desist orders in this case, if the court determines an entry of a permanent injunction is appropriate.  *Id.*  Both Activision and MPHJ contend that the defendants must agree to a finding that they committed an unconstitutional violation under 42 U.S.C. § 1983 and must pay some amount of costs and fees.  The court does find that an order permanently enjoining the state defendants from enforcing the cease and desist orders will likely occur in this case.

The court is ordering the parties to attempt to draft an agreed upon final permanent injunction and submit the draft to the court within fourteen (14) days of the date of this order.  If that is not possible, the court will order the magistrate judge to

enter an expedited progression order dealing with this part of the case as to both Activision and MPHJ and the nonbank defendants, so that that this portion of the case can proceed to the merits, and the court can enter a permanent injunction or address the merits on motions for summary judgments.

THEREFORE, IT IS ORDERED:

1.  MPHJ's motions for preliminary injunction, Filing Nos. 53 and 85, are granted, and defendants Bruning, Cookson and Lopez are enjoined from taking any steps to enforce the cease and desist order issued to Farney Daniels on July 18, 2013, in any manner that would prevent or impede the Farney Daniels firm from representing MPHJ in connection with licensing and litigation of U.S. patents owned by MPHJ with respect to companies based in, or having operations in, Nebraska.  If, however, at some point during the investigation evidence supports a claim of bad faith, the Attorney General is free to revisit this preliminary injunction with the court.

2.  The parties shall attempt to draft an agreed upon final permanent injunction and submit the draft to the court within fourteen (14) days of the date of this order.  If that is not possible, the court will order the magistrate judge to enter an expedited progression order dealing with this part of the case, so that the case can proceed to the merits and the court can enter a permanent injunction or address the merits on motions for summary judgments.

Dated this 14th day of January, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

8