IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ACTIVISION TV, INC.,

    Plaintiff,

    and

MPHJ TECHNOLOGY INVESTMENTS, LLC,

    Intervenor-Plaintiff,

    vs.

JON BRUNING, DAVID COOKSON, and DAVID LOPEZ,

    Defendants.

**8:13CV215**

**ORDER**

This matter is before the Court on the defendant state Attorney General's motion for reconsideration, Filing No. 117, of this Court's order granting MPHJ Technology Investments (MPHJ[1]) intervenor's motion for preliminary injunction. *See* Filing Nos. 111, 118, 85, 86, 53, and 54.

The state Attorney General's office raises issues that could have been argued in their initial motion. However, they failed to do so, and these state defendants now argue that bad faith exists on the part of MPHJ. The Court agrees with MPHJ that such argument is not appropriate in a motion for reconsideration. *See*, e.g., *Anthony v. Runyon,* 76 F.3d 210, 215 (8th Cir. 1996) (finding that the district court did not abuse its discretion in denying the motion to reconsider and explaining that "FED. R. CIV. P. 60(b)(2) do[es] give the district court the discretion to vacate a judgment or order . . . in certain limited circumstances, including when new evidence emerges …. [But] for a

---

[1] The state Attorney General does not ask for reconsideration of the Court's findings as to plaintiff Activision.

movant to succeed on the ground of newly discovered evidence, that evidence must be truly new, in the sense that it was previously unavailable; a motion for reconsideration should not be used as a vehicle to introduce new evidence that could have been adduced during pendency of the previous motion."); *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988) (this procedure "cannot be used to raise arguments which could have been raised prior to the issuance of judgment"); *Bd. of Regents of the Univ. of Neb. v. BASF Corp.,* 2008 WL 924538 at *1 (D. Neb. Apr. 3, 2008) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of (1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence"). Further, the state attorney defendants made no attempt to show evidence of either objective or subjective conduct indicative of bad faith in any event.

Of equal importance, the Court in its previous order specifically founded its decision on the basis of preemption, concluding that this case is based on patent law. The attorney general defendants do not even address that very important finding in their motion for reconsideration.

For the foregoing reasons and in conjunction with this Court's previous findings, the Court will deny the state Attorney General's motion for reconsideration.

THEREFORE, IT IS ORDERED THAT the state Attorney General's motion for reconsideration, Filing No. 117, is denied.

Dated this 4th day of April, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge