IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ACTIVISION TV, INC.,

                    Plaintiff,

                    and

MPHJ TECHNOLOGY INVESTMENTS,
LLC,

                    Intervenor-Plaintiff,
          vs.

JON BRUNING, DAVID COOKSON, and
DAVID LOPEZ,

                    Defendants.

8:13CV215

MEMORANDUM ORDER

This matter is before the court on the motion for summary judgment by plaintiff Activision TV, Inc.,[1] Filing No. 128, and the motion for summary judgment filed by intervenor, MPHJ Technology Investments, Filing No. 134.   The Nebraska Attorney General defendants (hereinafter "defendants" or "Attorney General") initially issued a cease and desist order against plaintiff Activision's counsel for attempting to send letters to potential patent infringers.   Filing No. 7-11, Ex. F.   Activision filed a preliminary injunction which this court granted in separate orders and one amended order.   Filing Nos. 31, 38 and 41.   MPHJ then filed for intervention and also asked for a preliminary injunction. Filing Nos. 50 and 53.   The court granted the motion to intervene. Filing No. 81.   In the interim, the Nebraska Attorney General filed an appeal to the Eighth Circuit. Filing No. 65.   The Nebraska Attorney General thereafter dismissed the appeal and withdrew the cease and desist orders against any party or counsel to this litigation and

---

[1] Counsel has informed the court that a corporate name change has occurred and Activision TV is now known as Activelight TV.

represented the State would not "issue any cease and desist order directed at or effective against any party or counsel to this litigation without first providing notice to the affected party and an opportunity to be heard." Filing No. 90 at 2. The Attorney General then argued the issue was moot.[2] However, the court found the issue was not moot and granted injunctions to the plaintiff and the intervenor. Filing No. 111. Defendant filed a motion for reconsideration, Filing No. 117, which this court denied, Filing No. 177. The Attorney General then filed an interlocutory appeal, Filing Nos. 180 and 182, to the Eighth Circuit. That interlocutory appeal is currently pending.

The plaintiff and intervenor ask this court to issue a permanent injunction and to grant both summary judgment motions in their favor. Specifically, they ask the court to enjoin any further cease and desist orders or investigation by the Attorney General regarding the patent enforcement activity related to this lawsuit and to prevent the defendants from returning to this enforcement activity now or in the future, absent a showing of bad faith on the part of the plaintiff. They also ask for attorney fees.

In this case, plaintiff's First Amended Complaint asserted three counts,[3] with the second and third counts directed towards the Attorney General defendants. *See* Filing No. 7. Count II of plaintiff's First Amended Complaint seeks a declaratory judgment for a declaration that neither plaintiff, nor its counsel, violated any Nebraska law in connection with efforts to enforce plaintiff's patents in Nebraska and against Nebraska-related entities outside of Nebraska, and such other relief shown to be appropriate.[4] *Id.*

---

[2] The Attorney General continues to argue that it did not discontinue its investigation against Activision, because the focus of the investigation was on Farney Daniels, not Activision.

[3] Count I involved the lawsuit against defendant Pinnacle Bank for infringement of the Activision Patents. Pinnacle Bank and Activision have now settled this part of the lawsuit. Filing No. 176, Consent Judgment.

Count III seeks a judgment that the Attorney General defendants violated plaintiff's constitutional rights by impermissibly interfering with plaintiff's constitutional right to choice of counsel and thereby violated 42 U.S.C. § 1983 and the First, Fifth and Fourteenth Amendments to the U.S. Constitution, as well as an award of such other relief shown to be appropriate.  *Id.*

## STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'"  *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex,* 477 U.S. at 323).  If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'"  *Id.* (quoting *Celotex,* 477 U.S. at 324).  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—

---

[4] In particular, the Attorney General argued that plaintiff and intervenor violated the Nebraska Consumer Protect Act, Neb. Rev. Stat. § 59-1602 *et seq.*, and the Nebraska Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-302.

whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party."  *Id.* at 251-52 (1986) (noting the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law).  If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted.  *Id.* at 251.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences.  *Kenney v. Swift Transp., Inc.,* 347 F.3d 1041, 1044 (8th Cir. 2003).  "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations."  *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."  *Koehn v. Indian Hills Cmty. Coll.,* 371 F.3d 394, 396 (8th Cir. 2004).

## DISCUSSION

### A.  Activision's motion, Filing No. 128[5]

### (1)  Preemption

Plaintiff first argues that the state law claims are preempted by federal law in this case.  The court previously found that plaintiff presented a prima facie case that the

---

[5] The defendants respond to this summary judgment, again arguing that plaintiff lacks standing to pursue these claims and the claims are moot.  However, this court has previously ruled on those issues and they need not be relitigated here.  See Filing No. 111, Memorandum and Order at 1-3 and Filing No. 153, Restricted Order at 2.  The defendants also argue that plaintiff has failed to satisfy the pleading requirements applicable to summary judgment motions.  The court finds this argument is likewise without merit, as the plaintiff has clearly articulated its position, and the court has reviewed the facts presented to date on a number of occasions.

patent enforcement actions are covered under the First Amendment and federal law. Filing No. 41, Memorandum and Order at 12-14. Further, the plaintiff came forward with evidence that it had not committed any activity that would establish a violation of state law. The burden then shifted to the Attorney General to establish that preemption did not apply by showing that plaintiff's conduct or that of its counsel was objectively and subjectively baseless and done in bad faith. The Attorney General has not submitted any additional evidence in its opposition to this motion with regard to this issue, particularly with regard to bad faith and objectively and subjectively baseless claims.[6] *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374, 1377 (Fed. Cir. 2004); *see also Mirafi, Inc. v. Murphy*, 928 F.2d 410 (Fed. Cir. 1991). See Filing No. 41, Memorandum and Order at 13.[7] The Federal Circuit in the *Globetrotter* case made this point quite clearly:

> Our decision to permit state-law tort liability for only objectively [and subjectively] baseless allegations of infringement rests on both federal preemption and the First Amendment. The federal patent laws preempt state laws that impose tort liability for a patent holder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation. In addition, the same First Amendment policy reasons that justify the extension of *Noerr* immunity to pre-litigation conduct in the context of federal antitrust law apply equally in the context of state-law tort claims.
>
> Accordingly, to avoid preemption, bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim. This preemption is based on the following concept: "A patentee that has a good faith belief that its patents are being infringed violates no protected right when it so notifies infringers." Accordingly, a patentee must be allowed to make its rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities,

---

[6] In fact, the Attorney General has stated they are not going to investigate plaintiff or its counsel with respect to the patent issue and has offered a limited injunction to that effect.

[7] Likewise, the RICO statutes referred by the defendant are preempted. *See In re Innovatio IP Ventures, LLC Patent Litig.,* 921 F.Supp.2d 903, 912 (N.D. Ill. 2013) (holding that pre-suit communications are shielded from RICO claims pursuant to the First Amendment).

negotiate a license if one is offered, or decide to run the risk of liability and/or the imposition of an injunction.

*Globetrotter Software, Inc.*, 362 F.3d at 1367, 1374, and 1377 (internal quotations and citations omitted); *see*, *e.g.*, *Mirafi, Inc.*, 928 F.2d 410, 1991 WL 10623 *2, explaining that "bad faith infringement litigation [in knowingly asserting an invalid patent, for example] could violate North Carolina's Unfair Competition Statute"); *Globetrotter Software, Inc.*, 362 F.3d at 1374 ("State [tort] law claims . . . can survive federal [patent law] preemption only to the extent that those claims are based on a showing of 'bad faith' action in asserting infringement."); *ClearPlay, Inc. v. Nissim Corp.*, 2011 WL 3878363 *8-9 (S.D. Fla. 2011) (finding that federal patent law preempted the state-law claim of violation of Florida's Deceptive and Unfair Trade Practices Act); *DeSena v. Beekley Corp.*, 729 F. Supp. 2d 375, 401 (D. Me. 2010) (finding that bad faith in the publication of the patent must be established to avoid preemption by patent law for a state law claim under the Maine Uniform Deceptive Trade Practices Act); *Alien Tech. Corp. v. Intermec, Inc.*, 2008 WL 504527 *4 (D.N.D. Feb. 20, 2008) (citing the Washington Consumer Protection Act and explaining that deceptive conduct falls within Washington's Consumer Protection Act, and further holding that a finding of bad faith for publicizing a patent in the marketplace is required in order to survive federal preemption); *In re Innovatio IP Ventures, LLC Patent Litigation*, 921 F. Supp.2d 903, 914 (N.D. Ill. 2013) (bad faith requirement); *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1348 (Fed. Cir. 1999) (same).

The court further elaborated on this requirement in the *Golan* case. *Golan v. Pingel Enterprise, Inc.*, 310 F.3d 1360, 1372 (Fed. Cir. 2002). The *Golan* court went on to explain that to show bad faith the plaintiff must offer "clear and convincing evidence"

that the patentee "had no reasonable basis to believe" the infringement and validity issues underlying the patent assertion.  *Id.* at 1371-2.  Further, the Federal Circuit expressly stated that "a patentee may elect to attempt to enforce the patent—for example, by aggressively asserting its patent rights—and never intend to file suit.  This conduct is authorized under the patent laws. . . .  Indeed, such conduct is commonly the first step taken to enforce one's patent rights."  *Id.*

Accordingly, the court finds as a matter of law that the state law claims are preempted, and the court further finds that the defendants have failed to produce any evidence of objectively and subjectively baseless claims and bad faith.  Thus, plaintiff is not subject to the state statutes relied upon by the Attorney General.[8]

### (2)  *Constitutional Violations*[9]

Activision also argues that summary judgment is appropriate as to Count III, and contends the defendants have violated plaintiff's rights under 42 U.S.C. § 1983, and the First, Fifth, and Fourteenth Amendments to the United States Constitution.  Section 1983 requires proof that a state actor, acting under the color of any statute, deprived the party of its rights, privileges, or immunities secured by the U.S. Constitution.  See 42 U.S.C. § 1983.  Plaintiff argues the defendants are state actors; that they acted under the Nebraska state law; that defendant Bruning violated § 1983 by directing the issuance of the cease and desist order; that defendant Cookson violated § 1983 by issuing the cease and desist order to plaintiff's counsel; and that defendant Lopez

---

[8] The court notes that the plaintiff argues the inapplicability of the Nebraska Consumer Protection Act and the Deceptive Trade Practices Act.  The court need not address them in view of its preemption ruling with respect to Activision.

[9] The court has already concluded that this is a First Amendment violation.  See Filing No. 41, 12, 14.

7

likewise violated Section 1983 by issuing the cease and desist order to plaintiff's counsel, including signing the Civil Investigative Demand and certificate of service.

The court agrees that all of the defendants are state actors and they all acted in their respective capacities with regard to issuance of the cease and desist order. The court also finds that the activity participated in by the plaintiff is protected by the First Amendment. The court concludes that the plaintiff has a right to both enforce its patents and the right to counsel of its choosing. See Filing No. 41, 8-12. It is clear that on July 18, 2013, the Attorney General issued a cease and desist order against plaintiff's counsel Farney Daniels. See Filing No. 7-11, Ex. F. The court has already determined that there was no significant evidence upon which the Attorney General based its cease and desist order, and that the Attorney General provided no procedural process to the plaintiff. *See* Filing No. 41; *Globetrotter Software, Inc.*, 362 F.3d at 1374, 1377. The evidence shows that this cease and desist order caused Activision to not use Farney Daniels during parts of this litigation and inhibited plaintiff's ability to have Farney Daniels send patent letters to businesses in Nebraska, as required under federal law. See Filing No. 49, 43:21-24; 46:22-24; Filing No. 41, at 3. Further, the Attorney General stated in open court that it intended to stop the firm of Farney Daniels from continuing its patent enforcement-related communications. *Id.*

The Attorney General offered no evidence to the contrary with regard to these points. The Federal Circuit has made it repeatedly clear that a patent owner has a First Amendment right specifically to "threaten suit for infringement." *See, e.g., Concrete Unlimited, Inc. v. Cementcraft, Inc.,* 776 F.2d 1537, 1539 (Fed. Cir. 1985) (patentee "did only what any patent owner has the right to do to enforce its patent, and that includes threatening alleged infringers with suit"). Further, the court finds the plaintiff has alleged

8

material facts relevant to its motion, and has supported the same with evidence. However, the defendants have failed to offer any facts and evidence in dispute as discussed herein.   Accordingly, the court finds the plaintiff is entitled to summary judgment as well on the merits of the constitutional claims.

     *(3)  Permanent Injunctive Relief*

     Plaintiff moves this court for a permanent injunction.   Plaintiff asks for (a) the court to enjoin any further cease and desist orders or investigation by the Attorney General defendants relating to plaintiff's patent enforcement activity prior to this judgment; (b) an injunction stopping the defendants from returning to their previous types of actions without first presenting evidence of bad faith after this judgment to the court; (c) an injunction preventing the Attorney General from investigating future patent enforcement activity of the plaintiff via its counsel, absent a reasonable basis indicating bad faith.

     Plaintiff contends that without a permanent injunction, the Attorney General can return to his old ways and attempt to reissue another cease and desist order without an investigation or a showing of bad faith.   *See Center for Special Needs Trust Administration, Inc. v. Olson*, 676 F.3d 688, 697 (8th Cir. 2012) ("Mere voluntary cessation of allegedly illegal conduct does not moot a case; otherwise, the courts would be compelled to leave the defendant . . . free to return to his old ways.") (internal citations and quotations omitted).   The court has already determined that the Attorney General did very little investigation prior to the cease and desist order, and still has not offered evidence that the activity of plaintiff and its counsel was objectively and subjectively baseless and in bad faith.   The court further determined previously and again in this Memorandum and Order that the actions of the Attorney General violated

plaintiff's rights under the First, Fifth and Fourteenth Amendments, and 42 U.S.C. § 1983. *See* Memorandum and Order. Filing No. 41, pp. 7-9; 11-14.

Accordingly, the court will grant the request for permanent injunction in part. The court is uncomfortable granting the breadth of the injunction requested by the plaintiff. The court is not in the business of telling the state how and when to conduct its investigations, but such investigations must be constitutional and outside of those areas preempted by federal law. The court will enjoin the Attorney General from further pursuing any action against the plaintiff as to these patents and to plaintiff's patent enforcement activity in relation thereto, including plaintiff's counsel, unless the Attorney General can make a showing of bad faith, based on actions of plaintiff that show both an objective and subjective baselessness, as to past or future activities.

### (4)  Request for Attorney Fees and Costs, 42 U.S.C. § 1988

Plaintiff contends it is entitled to recover fees and costs under § 1983 and § 1988. Section 1988 states: "the Court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." *Doe v. Nixon*, 716 F.3d 1041, 1048 (8th Cir. 2013); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Granting injunctive relief allows a party to receive prevailing party status. *See Lefemine v. Wideman*, 133 S. Ct. 9 (2012). The court agrees that Activision is a prevailing party and is entitled to fees and costs. The court notes the defendants did not object to the request for fees and costs. Further, the plaintiff is clearly a prevailing party on the merits in this case, both from the preemption and constitutional perspectives. Accordingly, the court will award attorney fees and costs in accordance with § 1988. *See Hensley*, 461 U.S. at 429. The court will give plaintiff 14 days from the date of this

Memorandum and Order to file a fully supported motion and brief in support of fees. The defendants shall have 14 days thereafter to file any brief in opposition.

### B.  MPHJ Technologies Motion for Summary Judgment, Filing No. 134

MPHJ moves for summary judgment for the exact same reasons espoused by Activision:   First Amendment preemption; lack of facts establishing "objectively baseless" conduct by MPHJ; lack of grounds for mootness argument; no showing of the applicability of any state law violations as to Count I, even independent of the preemption claim; and a right to summary judgment on the § 1983 claim, and the First, Fifth, and Fourteenth Amendments to the Constitution of the United States.  MPHJ also requests a permanent injunction and attorney fees and costs.  Filing No. 134.

MPHJ asks the court to consider these additional facts:

> MPHJ's patents relate generally to networked scanner systems and are infringed by a large number of U.S. businesses.  No one manufacturer, or group of manufacturers, is liable for direct or indirect infringement of those patents because the patents are directed at the entire networked system, and any single manufacturer sells, at most, a component of the system which has other non-infringing uses.  The patents are also unusual in that the systems are internal to the business, and cannot be publicly obtained or reviewed.  As a result, to satisfy the pre-suit investigation requirement of FED. R. CIV. P. 11, MPHJ was required to send an inquiry to suspected infringers before it could bring suit.

Filing No. 135, at 2, Brief in Support of Motion for Summary Judgment.

For the same reasons as discussed with regard to Activision, preemption applies to the patent infringement claims in this case.  Further, the court finds likewise that there are no grounds for a mootness/standing claim against MPHJ.  The cease and desist order requiring Farney Daniels to "immediately cease and desist the initiation of any and all new patent infringement enforcement efforts within the State of Nebraska" is likewise

unconstitutional for the reasons previously set forth herein.  *See also* Filing No. 7-11, Ex. F.

However, the inquiry does not stop there.  The Attorney General has listed a number of allegations it believes constitutes bad faith and objective and subjective unreasonableness on the part of MPHJ.  Consequently, the Attorney General argues that MPHJ is subject to the state law causes of action.

The defendants contend they have stated sufficient facts so as to entitle them to a trial on the issue of objective/subjective reasonableness and bad faith.  To show "objective baselessness," the Attorney General defendants must present clear and convincing evidence that a reasonable person in MPHJ's position would not have believed the patents could be valid and could be infringed.  *See Globetrotter Software, Inc.,* 362 F.3d at 1375, 1377.  With regard to objective bad faith, the *Golan* court stated:

> [I]f the party challenging such statements under state or federal law presents clear and convincing evidence that the infringement allegations are objectively false, and that the patentee made them in bad faith, viz., with knowledge of their incorrectness or falsity, or disregard for either, the statements are actionable and are not protected by the existence of the patent.

*Golan*, 310 F.3d at 1371.  Further, the *Globetrotter* court likewise addressed the infringement claim, by stating:

> State-law claims such as Greer's can survive federal preemption only to the extent that those claims are based on a showing of "bad faith" action in asserting infringement.  Accordingly, to avoid preemption, "bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim."

*Globetrotter Software, Inc.*, 362 F.3d 1374.  The court then goes on to say that with regard to the state law claims, there must be a showing that the patent claims were objectively baseless, "either because those patents were obviously invalid or plainly not

infringed. . . .  Thus, the question before us is whether the bad faith standard of *Zenith* can be satisfied in the absence of a showing that the claims asserted were objectively baseless.  We hold that it cannot."  *Id.* at 1375; *see also Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH,* 524 F.3d 1254 (Fed. Cir. 2008) (where the court stated failure to conduct pre-suit investigation "might be probative of subjective baselessness, but they do not help to show that a jury reasonably could find that [the alleged infringer] could meet its burden of proving by clear and convincing evidence that [the patentee's] infringement allegations were objectively baseless."  *Id.* at 1263-64.

To allege a state law claim, the defendants must show that the actions of MPHJ are objectively baseless and in bad faith.  The Attorney General contends that MPHJ: sent letters to industries, numbering 100 in Nebraska, without identifying specific businesses; used shell limited liability companies; failed to include the name Farney Daniels or its phone number on the initial letters; that the letters of inquiries might have been sent several days prior to the time MPHJ had the right to do so; and that the letters had false and misleading representations in them.

The court agrees that the crucial issues to establish objectively baselessness involve validity and infringement.[10]  Subjective factors, as outlined above, do not support evidence of objectiveness.  Further, the court notes the Attorney General "does not assert that MPHJ acted in bad faith because the patents underlying the demand letters were invalid or the infringement alleged was inaccurate."  Filing No. 152, Brief in Opposition at 14.  Clearly, the Attorney General is alleging no claim that meets the

---

[10] The court also notes that MPHJ sent letters of inquiry regarding potential infringement, but these letters did not accuse the recipients of infringement.  *See, e.g., Arrival Star, Inc. v. Descartes Sys. Group, Inc.*, 2004 U.S. Dist. LEXIS 22433, at *36 (S.D.N.Y. Nov. 5, 2004) (where potentially infringing process is not publicly available, sending letter seeking review of alleged infringer's technical documentation reasonably satisfied Rule 11).

objectively baseless standard.  The claims made by the Attorney General all involve subjective baselessness, which is an inquiry that comes after a showing of objective baselessness.  Therefore, absent evidence of objective baselessness, there can be no cause of action for state law violations.

Accordingly, the court finds the motion for summary judgment by MPHJ will be granted.  The court will likewise grant the motion for a preliminary injunction and will award attorney fees and costs.

THEREFORE, IT IS ORDERED:

1.  Activision's motion for summary judgment, Filing No. 128, is granted as set forth herein.

2.  Activision's motion for a preliminary injunction is granted as follows:

> The court enjoins the Attorney General from further pursuing any action against the plaintiff as to these patents and to plaintiff's patent enforcement activity in relation thereto, including plaintiff's counsel, unless the Attorney General can make a showing of bad faith, based on actions of plaintiff that show both an objective and subjective baselessness, as to past or future activities.

3.   Activision's motion for attorney fees and costs is granted. Activision shall have 14 days from the date of this Memorandum and Order to file a properly supported motion and accompanying brief outlining its requests for fees and costs.   The defendants shall have 14 days thereafter to file a response.

4.  MPHJ's motion for summary judgment, Filing No. 134, is granted as set forth herein.

5.  MPHJ's motion for a preliminary injunction is granted as follows:

> The court will enjoin the Attorney General from further pursuing any action against the intervenor as to these patents and to plaintiff's patent enforcement activity in relation thereto, including plaintiff's counsel, unless the Attorney General can make a showing of bad faith, based on actions

of plaintiff that show both an objective and subjective baselessness, as to past or future activities.

6.   MPHJ's motion for attorney fees and costs is granted.  MPHJ shall have 14 days from the date of this Memorandum and Order to file a properly supported motion and accompanying brief outlining its requests for fees and costs.  The defendants shall have 14 days thereafter to file a response.

7.   A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 2nd day of September, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge